## THE STATE v HARKINS.

1. The Circuit Court cannot refer to the Supreme Court, as novel and difficult, a question of law arising in a criminal case, until it has rendered judgment therein.

ON points referred as novel and difficult from the Circuit Court of Shelby.

The defendant was indicted for an assault and battery, with the intent to murder; and upon an affidavit, that John W. Wiggins, who resided in the State of Mississippi, was a material witness for him on the trial, that he could not prove the same facts, (all of which were particularly stated,) by any other witness within his knowledge, he moved the court for a commission to take the deposition of the witness; his motion was overruled, the cause continued, and the question, whether a deposition could be taken and received as evidence in such a case, was referred to this court for its decision, as novel and difficult.

The ATTORNEY GENERAL for the State, moved to dismiss the case on the ground, that this court could not take jurisdiction of a case referred as novel and difficult, until it had been tried in the primary court.

PECK, for the defendant.

COLLIER, C. J.—The 18th section of the act of 1820, provides, "that the judge of the circuit court may, at discretion, on a point reserved, motion in arrest of judgment, or for a new trial, in any criminal case, respite the judgment or sentence, and reserve such point or motion for the Supreme Court at their next succeeding term; and in such case, the Supreme Court shall pronounce judgment, sentence or decree, as the law directs, and award execution accordingly." [Clay's Dig. 294, sec. 32.] By the first section of the thirteenth chapter of the penal code, it is enacted, "Whenever in any criminal case, either on the trial, or on demurrer, or on motion in arrest of judgment, any point or

8

question shall arise, which, in the opinion of the presiding judge, is novel and difficult, it shall be his duty, on request, to reserve such point or question distinctly upon the record, for the revision of the Supreme Court at its next succeeding term, and the presiding judge shall proceed to render judgment on the conviction; but the execution of the judgment shall be suspended," &c. It is needless to consider whether the last statute does not fully provide for the subject matter embraced by the first, and, of consequence, repeal it by implication. Neither of the acts authorize the reference of a question to this court as novel and difficult, until a trial of the defendant has been first had. In respect to the first statute, such was the view taken at a very early day after its passage. [Phleming v. The State, Minor's Rep. 42; The State v. Reece, Id. 266.] Though, perhaps, we might not entirely adopt all the reasoning employed by the court in those cases, we cannot doubt the correctness of their conclusion.

The last enactment is too explicit to render construction at all necessary: for it expressly declares, "the presiding judge shall proceed to render judgment on the conviction;" showing conclusively, that the defendant must be first tried before points arising in his case can be referred as novel and difficult. These statutes being our only warrant for taking cognizance of cases referred, any response to the question presented would be extra-judicial and unauthoritative; and, in our judgment, inexpedient and improper.

The case referred is, therefore, dismissed.